GEORGE L. GROSS, Trustee *et al. vs.* BENJAMIN S. CLARK,*et al.*

APRIL 11, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Construction of Instrument.   Question of Law.*
Where there is no dispute in regard to the facts, the construction of an instrument is a question of law.

*(2)   Equity.   Contracts.*
Where parties have entered into an agreement in regard to their property to accomplish certain specified objects, they are bound by it and equity cannot out of consideration of present advantage make a new agreement for them.

*(3)   Construction of Instrument.   Intent.*
The intention of the parties as expressed in the entire written instrument governs.   Only when the meaning is doubtful or is fairly open to more than one interpretation, is the court required to construe it, and where the meaning of words is fairly susceptible of two constructions the court will adopt that construction which is equitable to all the parties rather than one which favors one party at the expense of another.

BILL IN EQUITY on facts stated in full in opinion.   Heard on appeal of respondents and sustained.

STEARNS, J.   This is an appeal from a final decree of the Superior Court whereby the complainant trustee was authorized to sell certain real estate and to distribute the proceeds.

The property in question is the homestead estate of one Wait Clark, deceased, situated on Broad street in the city of Providence, on which is a three-story house, having one tenement each on the second and third floors and a store on the street floor.   Susan Clark, the widow of Wait Clark, had a life estate in the property which was subject to a mortgage of $3,000 held by a bank.   She occupied the tenement on the third floor and her son, the respondent Benjamin Clark, lived on the second floor.

In 1914, Susan Clark and her four children, Benjamin, Henry, Sarah and Susan S., heirs at law of Wait Clark and Susan Clark and owners of the estate subject to the life

estate, made and executed an agreement and trust deed to one Josiah K. Barney; this deed was recorded in the Land Records of the city of Providence. All of the children were married and the spouses of each child and the trustee were also parties to the trust agreement and signed and executed the same. The instrument, which was evidently drawn with care, consists in the first place of an agreement between all the parties mentioned including the trustee. After a recital of the facts in regard to the estate, the ownership and occupancy thereof, and the existence of the mortgage, it is stated that Frank E. Ballou, the husband of Sarah, Ellsworth Sisson, husband of Susan S., the daughter, and the respondent Benjamin have each advanced and expended certain sums of money in the repair and improvement of the premises. Then come the following clauses:

"WHEREAS: It is the desire of the said Benjamin S. Clark, Henry W. Clark, Sarah E. Ballou, and Susan S. Sisson to provide for the suitable support of their mother, the said Susan Clark during the remainder of her lifetime, and also to provide for the repayment of the sums advanced and expended by the said Frank E. Ballou, Ellsworth Sisson and Benjamin S. Clark in the repair and improvement of said premises and to provide against any further controversy arising as to the management of said property, and for the purpose have agreed to place the management of said property and of certain other funds to be provided for the support of said Susan Clark, as hereinafter referred to, in the hands of said Josiah K. Barney, as trustee, under the trusts hereinafter set forth; and

"WHEREAS: the said Josiah K. Barney has agreed to act as said trustee and to accept said trusts hereinafter set forth . . ." Then follows a description of the premises and a quit claim deed of the same to the trustee.

The terms of the trust are as follows:

1. The trustee is to take immediate possession and management of the property, keep the property in repair, insure the same and from the income of the property pay

the interest on the mortgage, or any other mortgage which may be given in place thereof, insurance premiums, taxes, expenses of repairs and his own compensation as trustee. (This compensation was by the agreement fixed at $50 per year.)

2.　All the rest of the income is to be paid by the trustee to the mother so long as she shall live.

3.　The mother is permitted to occupy the third story tenement free of all charge so long as she lives.

4.　The trustee is to permit Benjamin to occupy the second story tenement on the payment of $22 per month rent beginning June 1st, 1914.

5.　In order to better provide for the support of the mother, Benjamin Clark, Frank Ballou and Ellsworth Sisson agree to advance from time to time in equal amounts not to exceed $100 a year for each party, such sums as in the judgment of the trustee shall be reasonably required in addition to the income for the support of the mother.

6.　Upon the death of the mother, the trustee shall pay from the income, or from funds advanced, the reasonable expenses of her last sickness, death and burial.

7.　Upon the death of the mother "said trustee shall continue to manage said estate and collect the income therefrom, and, after paying taxes, insurance premiums, interest on the mortgage, and costs of necessary repairs and his own compensation for services as herein stated, shall pay all sums advanced by him or by any of the parties hereto for the payment of said expenses of the last sickness, death and burial of the said Susan Clark, and all sums paid over to him for the support of the said Susan Clark under the foregoing provisions therefor, and thereafter shall pay the claims of said Frank E. Ballou and Ellsworth Sisson for moneys advanced and expended by them as aforesaid for repairs and improvements on said premises;" also the claim of Benjamin S. Clark for the amount advanced and expended by him for repairs. The amounts due the parties under this clause are fixed therein.

8. This clause provides that "whenever, after the death of said Susan Clark, all of said sums so payable by the trustee shall have been paid and discharged in full," the trustee shall reconvey said premises to the four children in fee simple and discharged of the trusts.

9. This clause provides that at any time after the death of the mother, upon the consent of the four children their heirs and assigns, the premises shall be sold by the trustee at public or private sale on such terms as shall be agreed upon by said parties in interest; the proceeds to be used, first, for the payment of the outstanding mortgage; second, the necessary expense of the sale, and third, the balance, if any then due, to the parties hereunder, and the balance of the proceeds remaining shall by said trustee be divided equally among the four children, their respective heirs or assigns.

In the next clause provision is made for the release of dower by the wife of Benjamin and the wife of Henry, and by the succeeding clause the trustee Barney accepts the trust and binds himself to carry out the same. Susan Clark, the mother, died July 26, 1920.

The complainant Gross was appointed trustee by the Superior Court to fill a vacancy in the trusteeship. In September, 1920, the trustee brought a bill in equity alleging that the purpose of the trust had been accomplished, making Benjamin Clark and his wife and the mortgagee respondents and seeking thereby a decree directing the trustee to sell the real estate in question, and after the payment of the mortgage debt and other claims against the estate to pay and distribute the net proceeds of the sale to the parties entitled thereto. The respondent mortgagee in its answer simply asks to be paid if a sale is ordered by the court. The respondent Benjamin Clark objects to the sale and claims as the purposes for which the trust was created have not been accomplished, the trust estate can not be sold free of the trust. The other parties interested join with the trustee as complainants.

The cause was heard on bill, answer and oral testimony by a justice of the Superior Court who held that the trust had terminated; the decree authorized the trustee to sell the trust estate at public auction and distribute the proceeds.

The only question in this cause on the appeal is the proper construction of the trust agreement. There being no dis- (1) pute in regard to the facts, this question is one of law and not of fact. *Richmond* v. *N. Y., N. H. & H. R. R. Co.*, 26 R. I. 225.

Undoubtedly, as claimed by the complainants, the main reason for making the agreement and deed of trust was to provide for the mother during her lifetime. But in the same clause in which this purpose of the children is stated, two other reasons are given for the establishment of the trust: namely, to provide for the repayment of money advanced by the son Benjamin and the two sons in law, and to provide against any further controversy arising as to the management of the property. That it was the intention of the parties that the trust should continue after the death of the mother is clear. This is provided for by clause 7 whereby in express terms the trustee is given similar power to manage the estate after the death of the mother as he was given during her life by clause 1. There is no provision in the agreement for any payment by the parties to the trustee after the death of the mother. The only fund provided for is that arising from the income of the estate. From this income the trustee is to pay all charges, including his own fixed charge for compensation, the interest on the mortgage, also advances made for funeral expenses, etc., and after these are paid the trustee is *then* directed to pay the claims of Ballou, Sisson and Benjamin Clark. The heirs are only entitled to a reconveyance after all the claims above mentioned are paid in full.

For the petitioners it is argued that it will be for the advantage of all parties in interest to sell the estate at the present time, when the property can be sold advantageously, and that if it is held the specified charges against the estate

(2) can only be paid out of the net income thereof, the equitable owners of the estate will be deprived of the enjoyment of their estates for a number of years. This all appears to be true, but a court of equity can not make a new, and what appears now to be a better business agreement for the parties. Having made an agreement in regard to their own property to accomplish certain specified objects by explicit and lawful methods, they are now bound by it and the consideration of present advantage or disadvantage to the estate or the parties is irrelevant.

(3) In arriving at the true meaning of a written agreement the intention of the parties as expressed in the entire written instrument governs. It is only in the event that the meaning of the instrument is doubtful, or is fairly open to more than one interpretation, that the court is required to construe the agreement. In the present case the parties have made certain advances for the benefit of the life tenant and the estates in remainder, and have agreed to receive repayment from the net income of the estate, and as long as the trustee manages the estate properly and applies the net proceeds in accordance with the terms of the agreement the parties have no legal complaint and must abide by the provisions of the contract.

The respondent Clark claims the right to continue in occupancy of the second story tenement at the rate of twenty-two dollars a month until the debts and mortgage are paid in full out of the net income. From the testimony it appears that a higher rental can be and should be secured from this tenement. To permit respondent to continue to occupy this tenement for a long period of years at a low rental, thereby causing a loss to the estate and a delay in the settlement of the outstanding claims, in the absence of a clear and unequivocal agreement to that effect, would be inequitable and would give respondent an unfair advantage over the other owners. In construing a contract the court will give a reasonable construction to the terms of the contract and whenever the meaning of the words used by the

parties is fairly susceptible of two constructions, will adopt that construction which is equitable to all the parties, rather than one which favors one party at the expense of the other (for collection of authorities see 13 C. J. p. 540). Applying this principle we think the respondent's right to occupy his tenement under the trust ceased at the death of his mother. The provisions in regard to the occupancy of the estate are found in clauses 3 and 4 of the agreement. The trustee is to permit the mother to occupy her tenement as long as she lives but no time is fixed for the duration of the son's tenancy. As this part of the contract is directed mainly to the provisions for the mother during her life, we think a reasonable and fair construction is that the son's right of occupancy was not meant to be superior to the mother's. On the death of the mother the main object of the agreement was accomplished. The intention of the parties then was to repay the advances. To do this from the income, taxes and interest on the mortgage must be provided for; but no provision is made for paying the principal of the mortgage from income, and the trust can be closed whenever the other specified charges are paid. The only provision for the payment of the principal of the mortgage is found in clause 9, which provides for the sale of the property with the consent of all the children and payment of the mortgage from the proceeds.

Our conclusion is that the trust has not terminated. The decision of the Superior Court to the contrary was erroneous. The respondents' appeal is sustained and the decree appealed from is reversed.

The parties may present a form of decree in accordance with this opinion on the eighteenth day of April, 1921, at ten o'clock a. m.

*Lyman & McDonnell. Thomas F. I. McDonnell, Richard E. Lyman,* for petitioners.

*Curtis & Ball. Claude C. Ball, Adolph Gorman,* for respondents.